**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS HERNANDEZ-
VELASCO,

Defendant - Appellant.

No. 19-6012
(D.C. No. 5:18-CR-00082-D-1)
W.D. Okla.

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, we order the case submitted without oral argument.

Jose Luis Hernandez-Velasco appeals from an order of the district court denying his motion to withdraw his guilty plea. The issues Hernandez-Velasco

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

raises on appeal have recently been addressed by this court in *United States v. Contreras-Cabrera*, No. 18-6189, 2019 WL 1422627 (10th Cir. Mar. 29, 2019). In particular, *Contreras-Cabrera* held that, in identical circumstances to the case at hand, (1) there is no futility exception to statutory exhaustion requirements and (2) the relevant charging document(s) gave the immigration judge jurisdiction to order removal under the regulations in effect at the time of removal.[1] *Id.* at \*1-\*3. The analysis set out in *Contreras-Cabrera* fully resolves the issues raised by Hernandez-Velasco. Although, as an unpublished disposition, *Contreras-Cabrera* is not binding on this panel, its analysis is thorough and obviously correct. Accordingly, we adopt that analysis and conclude the district court did not err in denying Hernandez-Velasco's motion to withdraw his guilty plea.

For those reasons set out above, this court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1]Given that Hernandez-Velasco's removal order was entered well before the regulations examined in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), came into existence, it is unnecessary to examine how, or if, the decision in *Pereira* would affect this analysis. Accordingly, this court offers no opinion on that question.

-2-